Harley I. Lewin
McCarter & English, LLP
245 Park Avenue, 27th Floor
New York, NY 10167
Tel: (212) 609-6800
Fax: (212) 609-6921
hlewin@mccarter.com

Lee Carl Bromberg
McCarter & English, LLP
265 Franklin Street
Boston, MA 02110
Tel: 617-449-6500
Fax: 617-443-6161
lbromberg@mccarter.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTIAN LOUBOUTIN S.A.; CHRISTIAN LOUBOUTIN, L.L.C.; and CHRISTIAN LOUBOUTIN,<br><br>Plaintiffs/Counterclaim-Defendants,<br><br>v.<br><br>YVES SAINT LAURENT AMERICA, INC.; YVES SAINT LAURENT AMERICA HOLDING, INC.; YVES SAINT LAURENT S.A.S.; YVES SAINT LAURENT (an unincorporated association); JOHN AND JANE DOES A-Z (UNIDENTIFIED); and XYZ COMPANIES 1-10 (UNIDENTIFIED),<br><br>Defendants/Counterclaim-Plaintiffs. | Civil Action No.: 11 Civ. 2381 (VM)<br><br>ECF Case |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS/COUNTERCLAIM-DEFENDANTS' MOTION TO DISMISS
DEFENDANTS'/COUNTERCLAIM-PLAINTIFFS' SECOND COUNTERCLAIM**

ME1 11828932v.2

## INTRODUCTION

Plaintiffs/Counterclaim-Defendants Christian Louboutin S.A., Christian Louboutin, L.L.C., and Christian Louboutin (collectively, "Louboutin") hereby move, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss Defendants/Counterclaim-Plaintiffs Yves Saint Laurent America, Inc., Yves Saint Laurent America Holding, Inc., and Yves Saint Laurent S.A.S.'s (collectively, "YSL") Second Counterclaim for the cancellation of Louboutin's trademark registrations (the "Registrations") under 15 U.S.C. §§ 1119, 1064(3) based on alleged fraud ("Second Counterclaim") on the grounds that it fails to state a claim upon which relief may be granted.

YSL's allegations, which are based on what Louboutin "knew or should have known," are insufficient to state a claim for fraud, and its Second Counterclaim must be dismissed.

## YSL'S COUNTERCLAIM ALLEGATIONS

YSL's Second Counterclaim is based entirely on speculation. YSL alleges that Louboutin made statements in declarations submitted to the United States Patent and Trademark Office ("USPTO") in support of the Registrations that he "must have or should have known" and "knew or should have known" were false. Yet, YSL does not even specify the declarations that form the basis of the Second Counterclaim. The allegedly false statements attributed to Mr. Louboutin are that he has been the "substantially exclusive" user of red outsoles on women's footwear since 1992 and that "all" shoes that he has designed since 1992 have used a red outsole. *See* Exhibit A at ¶¶ 4, 28.

Notwithstanding the requirement of Fed. R. Civ. P. 9(b) that fraud be alleged with particularity, YSL fails to allege facts sufficient to establish the elements of a fraud claim.

## ARGUMENT

## YSL'S SECOND COUNTERCLAIM MUST BE DISMISSED BECAUSE IT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

I.   YSL DOES NOT ALLEGE THAT MR. LOUBOUTIN KNOWINGLY MADE A FALSE, MATERIAL REPRESENTATION WITH AN INTENT TO DECEIVE THE USPTO.

The party alleging a claim for fraud, "must state with particularity the circumstances constituting fraud. . . ." Fed. R. Civ. P. 9(b). *In re Bose Corp.* requires a party alleging fraud on the USPTO to claim that the registrant knowingly made a false, material representation with the intent to deceive the USPTO. *In re Bose Corp.*, 580 F.3d 1240, 1245 (Fed. Cir. 2009); *see also, e.g., Haggar Int'l. Corp., v. United Co. for Food Indus. Corp.*, No. 03-CV-5789, 2011 U.S. Dist. LEXIS 2101, at *15 (E.D.N.Y. Jan. 5, 2011) (*Bose* stands "for the proposition that a subjective intent to deceive, not mere negligence, is required to establish fraud on the PTO."); *Qualcomm Inc. v. FLO Corp.*, 93 U.S.P.Q.2d 1768, 1770 (TTAB 2010)[1] ("Because intent is a required element to be pleaded for a claim of fraud, allegations that a party made material representations of fact that it 'knew or should have known'" were false or misleading are insufficient."). A party's mere negligence, which is demonstrated by allegations that a party "knew or should have known" that a statement was false or misleading, and even gross negligence are no longer sufficient for stating a claim of fraud. *See Bose*, 580 F.3d at 1245; *Asian and Western Classics B. V. v. Lynne Selkow*, 92 U.S.P.Q.2d 1478, 1479-80 (TTAB 2009).

*Bose* requires the party seeking cancellation of a federal trademark registration to prove fraud "to the hilt" by clear and convincing evidence. *See Bose*, 580 F.3d at 1243; *Orient Exp.*

---

[1] While Trademark and Trial and Appeal Board decisions are not binding on courts within the Second Circuit, the Second Circuit Court of Appeals "has frequently observed [that] Trademark Board decisions . . . are nevertheless 'to be accorded great weight' under general principles of administrative law requiring deference to an agency's interpretation of the statutes it is charged with administering." *ITC Ltd. v. Punchgini, Inc.*, 482 F.3d 135, 159 (2d Cir. 2007) (quoting *Buti v. Impressa Perosa S.R.L.*, 139 F.3d 98, 105 (2d Cir. 1998)).

ME1 11828932v.2

*Trading Co., Ltd. v. Federated Dep't Stores, Inc.*, 842 F.2d 650, 653 (2d Cir. 1988); *Haggar Int'l*, No. 03-CV-5789, 2010 U.S. Dist. LEXIS 139318, at *23 (E.D.N.Y. Sept. 22, 2010). This is a significant burden. "There is no room for speculation, inference or surmise and, obviously, any doubt must be resolved against the charging party." *Bose*, 580 F.3d at 1243; *see also Haggar Int'l*, 2010 U.S. Dist. LEXIS 139318, at *23.

Thus, a trademark registration based on a false statement made with a reasonable and honest belief that it was true and no willful intent to deceive the USPTO will not be canceled for fraud on the USPTO. *See Haggar Int'l*, 2010 U.S. Dist. LEXIS 139318, at *23 (citing *Maids to Order of Ohio, Inc. v. Maid-To-Order, Inc.*, 78 U.S.P.Q.2d 1899, 1905 (TTAB 2006)); *see also Bose*, 580 F.3d at 1246; *Orient Exp.*, 842 F.2d at 653 ("the allegedly fraudulent statements may not be the product of mere error or inadvertence, but must indicate a 'deliberate attempt to mislead the PTO'").

YSL ignores *Bose* and Fed. R. Civ. P. 9(b). YSL does not allege with particularity any specific facts demonstrating that Mr. Louboutin knowingly made a false statement to the USPTO. Nor does YSL allege any particular fact demonstrating that Mr. Louboutin intended to deceive the USPTO. YSL simply states that Mr. Louboutin "either knew or should have known" that his statements to the USPTO were false. Thus, YSL's Second Counterclaim is deficient and must be dismissed.

## II. THE LAW REQUIRES THAT YSL ALLEGE SPECIFIC FACTS DEMONSTRATING LOUBOUTIN COMMITTED FRAUD ON THE USPTO.

YSL's allegations are deficient because they are merely conclusory statements about what Mr. Louboutin "knew or should have known" when he filed his submissions to the USPTO in support of the Registrations. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to withstand a motion to dismiss.

4

*Yahoo, Inc.*, No. 08 Civ. 4581, 2011 U.S. Dist. LEXIS 9445, at *4 (S.D.N.Y. Jan. 11, 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. __, 129 S. Ct. 1937, 1949 (2009)).

A party claiming that a declaration or oath in an application for registration was executed fraudulently because the applicant was aware of another's use of the same or a confusingly similar mark at the time the declaration was signed must allege: (1) there was in fact another use of the same or a confusingly similar mark at the time the declaration was signed; (2) the other user had legal rights superior to the applicant's; (3) applicant knew that the other user had rights in the mark superior to him and either believed that a likelihood of confusion would result from his use of his mark or had no reasonable basis for believing otherwise; and (4) applicant, in failing to disclose these facts to the USPTO, intended to procure a registration to which he was not entitled. *See Qualcomm Inc.*, 93 U.S.P.Q.2d at 1770; *Intellimedia Sports Inc. v. Intellimedia Corp.*, 43 U.S.P.Q.2d 1203, 1205 (TTAB 1997); *see also Scooter Store, Inc. v. SpinLife.com, LLC*, No. 2:10-CV-18, 2011 U.S. Dist. LEXIS 32654, at *7-8 (S.D. Ohio Mar. 28, 2011); *Bauer Bros. LLC, v. Nike, Inc.*, 98 U.S.P.Q.2d 1160, 1164 (S.D. Cal. Mar. 8, 2011).

There are very good reasons that a party claiming fraud must recite particular facts addressing these elements. If every applicant's declaration could be challenged based on mere guesswork and speculation about the applicant's knowledge and state of mind, it would open the floodgates for a fraud claim every time a party claiming that it has prior rights in a mark seeks to cancel a trademark registration. But the Trademark Trial and Appeal Board has recognized that "it is difficult, if not impossible to prove objective falsity and fraud so long as the affiant or declarant has an honestly held, good faith belief." *Maids to Order Inc.*, 78 U.S.P.Q.2d at 1908.

YSL does not allege any fact with particularity to establish that "no reasonable person could knowingly state that use of the mark by [Mr. Louboutin] was 'substantially exclusive' for

5

the identified" goods based on the information possessed by Mr. Louboutin when he executed and filed submissions in support of the Registrations with the USPTO. *Marshall Field & Co. v. Mrs. Fields Cookies*, 25 U.S.P.Q.2d 1321, 1329 (TTAB 1992); *3M Co. v. Intertape Polymer Group, Inc., et al.*, 423 F. Supp. 2d 958, 962-63 (D. Minn. 2006). Stating "merely that, for some indeterminate time and to some indeterminate extent, [both Louboutin and third parties allegedly used red outsoles on footwear] and that petitioner knew or should have known of these uses is not enough for [a conclusion] that [applicant] deliberately sought to deceive the Patent and Trademark Office when it claimed to have substantially exclusive use of a mark." *Marshall Field*, 25 U.S.P.Q.2d at 1329.

Nor does YSL supply any specific fact to establish that Mr. Louboutin had actual knowledge that third parties were using a bright red lacquer outsole on their shoe designs or that a third party had superior rights in a bright red lacquer outsole when used on women's shoes.[2] *See Maids to Order Inc.*, 78 U.S.P.Q.2d at 1908 (quoting *Intellimedia Sports Inc.*, 43 U.S.P.Q.2d at 1207); *see also Space Base Inc. v. Stadis Corp.*, 17 U.S.P.Q.2d 1216, 1218-19 (TTAB 1990) ("it is settled there can be no fraud by reason of a party's failure to disclose the asserted rights of another person . . . unless that person is known to possess a superior or a clearly established right to use, and we see nothing in applicant's counterclaim that indicates that opposer was aware of applicant's superior [right], if any, or a 'clearly established,' right to use").

Similarly, the Counterclaims are devoid of any facts to establish that Mr. Louboutin willfully intended to deceive the USPTO when he executed and filed submissions in support of the Registrations with the USPTO.

---

[2] YSL's reference to King Louis XIV is a red herring. Whether King Louis XIV wore red sole shoes when he ruled France over three hundred years ago is irrelevant to whether Mr. Louboutin was the substantially exclusive user of bright red lacquer soles on women's luxury footwear in the 2000's. For the same reason, Dorothy's red shoes in 1939's *The Wizard of Oz*, whether or not they have red sole, are irrelevant.

ME1 11828932v.2

YSL instead surmises that "[a]s an industry leader who has devoted his entire professional life to women's footwear, Mr. Louboutin either knew or should have known about some or all of the dozens of footwear models that rendered his sworn statement false," Exhibit A at ¶ 4, and "[g]iven his longstanding experience and expertise in the industry, Mr. Louboutin must have or should have known that his statement was false." *Id.* at ¶ 28. No specific facts are alleged to support these conclusory allegations, and no allegation of an intent to deceive is made.

Because YSL has based the Second Counterclaim on sheer speculation, and not specific facts demonstrating that Louboutin committed fraud on the USPTO when Mr. Louboutin executed and filed with the USPTO declarations in support of the Registrations, the Second Counterclaim must be dismissed.

## CONCLUSION

Because YSL has failed to allege sufficient facts that, if proven, would establish that Louboutin fraudulently obtained its federal trademark registrations for its bright red lacquer sole marks, YSL's Second Counterclaim for the cancellation of Louboutin's trademark registrations for fraud on the USPTO must be dismissed.

Dated: June 10, 2011

                                  McCARTER & ENGLISH, LLP


                                  By:   /s/Lee Carl Bromberg
                                         Harley I. Lewin
                                         Lee Carl Bromberg

Harley I. Lewin
245 Park Avenue, 27th Floor
New York, NY 10167
Tel: (212) 609-6800
Fax: (212) 609-6921
hlewin@mccarter.com

Lee Carl Bromberg<br>
McCarter & English, LLP<br>
265 Franklin Street<br>
Boston, MA  02110<br>
Tel:  617-449-6500<br>
Fax:  617-443-6161<br>
lbromberg@mccarter.com