```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/13/11
```

Marrero, J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Christian Louboutin S.A., Christian Louboutin,
L.L.C. and Christian Louboutin

        Plaintiffs/Counterclaim-Defendants,

vs.

Yves Saint Laurent America, Inc., Yves Saint
Laurent America Holding, Inc., Yves Saint Laurent
S.A.S., et al.

        Defendants/Counterclaim-Plaintiffs.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Civil Action Number 11-cv-2381 (VM)

ECF Case

## STIPULATION AND PROTECTIVE ORDER
## REGARDING CONFIDENTIALITY OF DOCUMENTS
## AND OTHER INFORMATION PRODUCED IN DISCOVERY

IT IS STIPULATED AND AGREED by and among the parties to this action, by their undersigned counsel, and IT IS HEREBY ORDERED, as follows:

    1. <u>Definitions</u>. The following definitions shall apply to this Stipulation and Protective Order:

        a. "Confidential Information" shall mean documents and other information designated as CONFIDENTIAL under the terms of Paragraph 2 of this Stipulation and Protective Order, and the sum, substance and/or contents of such documents, materials and information, and any copies, drafts, excerpts, notes, memoranda and summaries thereof or relating thereto.

  b. "Highly Confidential Information" shall mean documents and other information designated as HIGHLY CONFIDENTIAL under the terms of Paragraph 3 of this Stipulation and Protective Order, and the sum, substance and/or contents of such documents, materials and information, and any copies, drafts, excerpts, notes, memoranda and summaries thereof or relating thereto.

2. <u>Designation of Discovery Materials as CONFIDENTIAL</u>.

  a. Any party producing documents or other information in this litigation may designate such documents or information, or any part thereof, as CONFIDENTIAL by stamping each page containing such matter with the word CONFIDENTIAL. All transcripts and exhibits from depositions taken in this action shall be deemed CONFIDENTIAL for thirty (30) days after receipt of a copy of said deposition transcript and exhibits by counsel of record for each of the parties hereto. Each party may, during said thirty (30) day period, designate as CONFIDENTIAL any portion of said transcript and exhibits. If no such designation is made within said thirty (30) day period, the transcript and exhibits shall be deemed not to contain Confidential Information. Only documents and information that the designating person believes in good faith contain or reflect trade secrets, competitive business data or other confidential information not appropriate for public disclosure under Rule 26(c) of the Federal Rules of Civil Procedure shall be designated as CONFIDENTIAL.

  b. Unless otherwise ordered by the Court, Confidential Information shall be maintained in confidence solely for use in connection with this action and

shall not be used in any way for any other purpose, including any business purpose, and such materials shall not be disclosed to any person except:

    i.    a named party or an officer, director or employee of a named party, to the extent that such person has a need to review the Confidential Information in connection with the prosecution or defense of this action;

    ii.    outside counsel of record for the party to whom the discovery materials are produced or given, including all partners, counsel and associate attorneys of said counsel, and any legal assistants, clerical, secretarial or other support staff thereof operating under the supervision of such counsel of record;

    iii.    an expert retained by counsel for a named party in connection with the prosecution or defense of this action, to the extent that such person has a need to review the Confidential Information in connection with the prosecution or defense of this action;

    iv.    a party or non-party witness and counsel for such witness in the course of the witness' testimony in a deposition or trial conducted in this action to the extent reasonably deemed necessary by counsel for a named party in order to examine such witness; and

    v.    the Court and its legal, clerical, secretarial and other supporting staff and assistants, including a stenographic reporter or certified videotape operator engaged in such proceedings as are a

necessary incident to trial of this action and/or preparation of this action for trial.

3. <u>Designation of Discovery Materials as HIGHLY CONFIDENTIAL</u>.

    a. Pages of discovery materials designated as CONFIDENTIAL in accordance with this Stipulation and Protective Order may be further designated as HIGHLY CONFIDENTIAL if such materials contain highly sensitive business information that has not been made publicly available and that counsel of record believes in good faith would put the party producing such information at a material competitive disadvantage if such information were disclosed to officers and employees of the party to which such information is produced.

    b. Any party may designate discovery materials or any portions thereof as HIGHLY CONFIDENTIAL by stamping each page containing such matter with the words HIGHLY CONFIDENTIAL.

    c. Unless otherwise ordered by the Court, Highly Confidential Information shall be maintained in confidence solely for use in connection with this action and shall not be used in any way for any other purpose, including any business purpose, and such materials shall not be disclosed to any person except:

        i. outside counsel of record for the party to whom the discovery materials are produced or given, including all partners, counsel and associate attorneys of said counsel, and any legal assistants, clerical, secretarial or other support staff thereof operating under the supervision of such counsel of record; and

4

    ii. the Court and its legal, clerical, secretarial and other supporting staff and assistants, including a stenographic reporter or certified videotape operator engaged in such proceedings as are a necessary incident to trial of this action and/or preparation of this action for trial, *provided* that such disclosure conforms to the procedure delineated in paragraph 4 of this Stipulation and Protective Order.

4. Use of Discovery Materials In Court. Nothing contained in this Stipulation and Protective Order shall prevent a party from using discovery materials designated CONFIDENTIAL or HIGHLY CONFIDENTIAL, or from referring to or reciting any information contained in such materials, in proceedings before this Court, including motion papers, affidavits, briefs, or other papers and depositions filed with Court or at any deposition, or at any hearing, conference or trial before the Court. All material designated HIGHLY CONFIDENTIAL filed with the Court, and any pleading, motion paper, affidavit, deposition transcript, brief, memorandum or other paper filed with the Court disclosing such material, shall be identified as HIGHLY CONFIDENTIAL, filed under seal and kept under seal until further order of the Court.

5. Objections. Should any party to whom discovery materials are disclosed at any time thereafter object to the designation of such information as CONFIDENTIAL or HIGHLY CONFIDENTIAL, and should the objecting party be unable informally to resolve such dispute with the party designating such discovery materials as CONFIDENTIAL or HIGHLY CONFIDENTIAL, then the objecting party may in that event submit the dispute to the Court for resolution. Upon submission of such dispute to

the Court, the parties acknowledge that it is their intention that issues concerning the confidentiality of any documents or information disclosed hereunder be determined under and pursuant to the Federal Rules of Civil Procedure and the legal authorities applicable hereto as the same may then be in effect. Until said dispute is resolved by the Court, the documents or information shall retain their designation as CONFIDENTIAL or HIGHLY CONFIDENTIAL and thereafter shall be designated as the Court may direct, *provided,* that nothing contained herein shall be deemed to waive or otherwise limit the right of any party to appeal or seek review from the determination by the Court of any such dispute. On any motion brought before the Court by the objecting party, the burden of proof and persuasion shall be on the objecting party to demonstrate to the Court that the documents or information disclosed should not be treated as CONFIDENTIAL, but on the designating party to demonstrate to the Court that the documents or information disclosed should be treated as HIGHLY CONFIDENTIAL. If the Court orders that any documents or information should not be so designated, said documents or information shall nevertheless continue to be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL, *provided* that the producing party files an appeal or writ of mandamus from such Order within fourteen (14) days, and such designation shall remain in effect until the final determination of such appeal or writ of mandamus.

     6.     Recipients of Discovery Materials. No person receiving discovery materials designated CONFIDENTIAL or HIGHLY CONFIDENTIAL shall disclose such discovery materials or any information contained therein to any person who is not entitled to receive such discovery materials under paragraphs 2 or 3. Each person to

whom discovery materials designated CONFIDENTIAL or HIGHLY CONFIDENTIAL are disclosed pursuant to this Order shall be advised that such information is being disclosed pursuant to, and subject to the terms of, an order of the Court and that the sanctions for any violations of the Order may include penalties which may be imposed by the Court for contempt. Further, it shall be the responsibility of the party wishing to disclose discovery materials designated CONFIDENTIAL or HIGHLY CONFIDENTIAL to any person pursuant to paragraphs 2(b)(i), 2(b)(iii) or 2(b)(iv) above to ensure that such person executes an Undertaking in the form attached hereto before gaining access to any such material. Each party shall maintain copies of such Undertakings and shall make such copies available to the other party upon request or order of the Court.

7. Inadvertent Disclosures. The parties shall take all steps reasonably required to protect the confidentiality of documents produced in this action. In the event that Confidential Information or Highly Confidential Information is inadvertently disclosed to any unauthorized person or entity, such material shall not lose its confidentiality status by reason of such inadvertent disclosure.

8. Inadvertent Production. If a party has inadvertently produced to another party information that is subject to the attorney-client privilege, the work product doctrine or any other applicable privilege or protection from disclosure, the other party, upon request made promptly after the producing party discovers such inadvertent production, shall promptly return the information for which a claim of inadvertent production is made and destroy all copies thereof.

7

9. <u>Return of Discovery Materials</u>. Within 30 days after this action is finally terminated and all available appellate remedies have been exhausted, all discovery materials produced in the case, and all copies thereof, including but not limited to any notes or other transcriptions made therefrom, shall be returned to counsel for the party who initially produced such discovery materials. This paragraph shall not apply to discovery materials that were attached to any submissions filed with the Court or that had been previously permanently discarded or then so discarded, *provided* that counsel for the receiving party certifies in writing to the producing party within the applicable time period that such materials have been permanently discarded.

Dated:  New York, New York
        June 1, 2011

| | |
|---|---|
| MCCARTER & ENGLISH LLP<br>Attorneys for Plaintiff | DEBEVOISE & PLIMPTON LLP<br>Attorneys for Defendant |
| By _____<br>Lee Carl Bromberg<br>265 Franklin Street<br>Boston, MA 02110<br>(617) 449-6500 | By _____<br>Jyotin Hamid (JH 4651)<br>919 Third Avenue<br>New York, NY 10022<br>(212) 909-6000 |

SO ORDERED this 13th day of June, 2011:

_____
Victor Marrero
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------x
Christian Louboutin S.A., Christian Louboutin,  :
L.L.C. and Christian Louboutin                  :
                                                :
        Plaintiffs/Counterclaim-Defendants,     :
                                                :
    vs.                                         :    Civil Action Number 11-cv-2381 (VM)
                                                :
Yves Saint Laurent America, Inc., Yves Saint    :         ECF Case
Laurent America Holding, Inc., Yves Saint Laurent :
S.A.S., et al.                                  :
                                                :
        Defendants/Counterclaim-Plaintiffs.     :
---------------------------------------x

## UNDERTAKING

I have read the foregoing Stipulation and Protective Order Regarding Confidentiality of Documents and Other Information Produced in Discovery (the "Stipulation") in the above-captioned action.

I understand the terms of the Stipulation, and I agree to be bound by its terms and conditions with respect to any documents, materials or information designated "Confidential" or "Highly Confidential" that are furnished to me as set forth in the Stipulation.

I further agree: (a) not to disclose to anyone any documents, materials or information designated "Confidential" or "Highly Confidential" other than as set forth in the Stipulation; (b) not to make any copies of any documents, materials or information designated "Confidential" or "Highly Confidential" except in accordance with the

ME1 11804024v.1

1

Stipulation; (c) not to use any documents, materials or information designated "Confidential" or "Highly Confidential" except in accordance with the Stipulation; and (d) to return to the party who provided me with such "Confidential" or "Highly Confidential" materials all copies (including excerpts and summaries) thereof, within thirty (30) days of a request to return such materials or the termination of this action, whichever comes first.

I hereby consent to the jurisdiction of the United States District Court for the Southern District of New York with regard to any proceedings to enforce the terms and conditions of the Stipulation.

_____
Signature

_____
Print Name

_____
Date

Sworn to and subscribed before me
this _____ day of _____, 201___.

_____
Notary Public

ME1 11804024v.1

2