RECEIVED
JUN 14 2011
CHAMBERS OF
SHIRA A. SCHEINDLIN
U.S.D.J.

DOCUMENT
ELECTRONICALLY FILED
DOC. #:
DATE FILED: 6/17/11

THE CITY OF NEW YORK

MICHAEL A. CARDOZO
*Corporation Counsel*

# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

DONNA A. CANFIELD
phone: (212) 788-8703
fax: (212) 788-8877
mobile: (917) 573-3480
email: dcanfiel@law.nyc.gov

June 14, 2011

**BY FACSIMILE: 212-805-7920**

*Having reviewed plaintiff's responsive letter, it is hereby ordered that (1) plaintiff produce all documents contained in its 17-page inventory; (2) defendants are granted an additional 30 days to review and analyze that material, and (3) defendants are granted THREE HOURS (and not ONE MINUTE MORE) to depose plaintiff regarding the additional discovery material. So Ordered.*

Honorable Shira A. Scheindlin
United States District Judge
Southern District of New York
500 Pearl Street, Room 1620
New York, New York 10007

*Shira A. Scheindlin*
*U.S.D.J.   6/17/11*

Re: Barounis v. New York City Police Department, et al.
    Civil Action Number: 10 CV 2631
    City Number: 2010-016064

Dear Judge Scheindlin:

     I am an Assistant Corporation Counsel in the Office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for defendants in the above-referenced matter. I write to inform the Court that, due to the circumstances outlined below, defendants are left with no choice but to withdraw their motion for summary judgment, without prejudice to refile consistent with your Honor's June 1, 2011 oral ruling and individual rules of practice. Defendants also write the Court – again for the reasons set forth below – to respectfully request that the Court (1) order the production of all documents contained in plaintiff's 17-page inventory, served upon defendants on June 9, 2011, (2) grant defendants an additional 30-days to review and analyze the material contained in plaintiff's 17-page inventory, and (3) grant defendants an additional 5 hours to depose plaintiff regarding the additional discovery material previously not produced to defendants.

     As the Court is aware, on May 25, 2011, the Court granted defendants' application to depose plaintiff on the additional facts presented in plaintiff's declaration in opposition to defendants' motion for summary judgment. Pursuant to the Court's Order, the deposition of plaintiff took place on June 1, 2011. Immediately prior to the start of plaintiff's deposition, plaintiff produced to defendants 30-pages of documents not previously identified or produced. Twenty-three of the thirty pages produced by plaintiff consist of personal notes plaintiff claims were prepared contemporaneous to plaintiff's alleged incidents of discrimination and/or a hostile work environment by the defendants. During the deposition, plaintiff testified

Honorable Shira A. Scheindlin
Barounis v. New York City Police Department, et al.
June 14, 2011
Page 2

that he was in possession of additional documents relevant to the claims in this action, which were not previously produced despite defense counsel's prior request for their identity and production.[1]  At that time it became obvious to defense counsel that defendants would require more time to question plaintiff on his declaration submitted in opposition to defendants' motion for summary judgment, to review the 30-pages produced immediately prior to plaintiff's deposition, and to question plaintiff on the documents in his possession.[2]  Defendants thereafter contacted Your Honor, seeking an order from the Court directing that plaintiff produce an inventory of all documents in his possession.  Following Your Honor's June 1, 2011 oral ruling granting defendants' request that an inventory of documents be provided to defendants, on June 9, 2011, plaintiff emailed to defendants a 17-page inventory that plaintiff asserts is an exhaustive inventory of documents in plaintiff's possession.  See "Plaintiff's Inventory of Documents," annexed hereto as Exhibit A.  Included in the 17-page list is approximately 300 days of command log entries from 2006-2007; 200+ overtime slips from 2006; 300 days of roll calls from 2006-2007; as well as numerous log books, "personal OT explanation sheets 2/2006 through 1/23/2008," and other notes with dates.  At first blush, the documents arguably pertain to plaintiff's tour, assignments, and overtime -- subject areas reasonably calculated to lead to the discovery of admissible evidence.  Without reviewing each and every document contained plaintiff's inventory, defendants are unable to determine the content and/or the exact relevancy of the documents in plaintiff's possession.  This is especially true since, with respect to the command logs and memo books in plaintiff's possession, a number of command logs and memo books went missing during the NYPD's Internal Affairs Bureau's ("IAB") investigation of plaintiff's alleged misconduct and are unavailable to the NYPD for review.  Moreover, the inventory does not indicate whether plaintiff annotated any of the documents in his possession.  Thus, defendants respectfully request that the Court order production of all documents contained in plaintiff's 17-page list.

In addition, due to the hundreds of documents expected from the production of the documents listed on the 17-page inventory, defendants respectfully request an additional 30-days following production to review and analyze the documents in plaintiff's possession.  Finally, in light of the 11th hour[3] production by plaintiff of 30-pages consisting mainly of personal notes allegedly documenting incidents of discrimination and/or a hostile work environment and the hundreds expected from the inventory requested above, defendants also respectfully request an additional 5 hours to depose plaintiff regarding the belatedly produced documents.

---

[1] Your Honor should be aware that immediately prior to plaintiff's December 29, 2010 deposition, plaintiff's counsel advised defendants that plaintiff believed that he may have additional documents in a box in his basement that he had copied while at the command – consisting of command logs, radio logs, and minor violations logs --and that these documents were responsive to defendants' request.  At that time, defendants requested production of all documents plaintiff believed to be housed in plaintiff's basement.  On or about January 2, 2011, plaintiff produced only 28 documents and represented that these were the documents in his possession that were responsive to defendants' document requests.

[2] Because of scheduling conflicts with both parties, plaintiff was deposed for only 4 hours on June 1, 2011.

[3] Again it needs to be noted that plaintiff did not identify any of these documents in his initial disclosure, or in response to defendants' numerous requests for production.

Honorable Shira A. Scheindlin
Barounis v. New York City Police Department, et al.
June 14, 2011
Page 3


          Defendants thank the Court for its consideration of this request.


                          Respectfully submitted,

                          Donna A. Canfield
                          Assistant Corporation Counsel
                          dcanfiel@law.nyc.gov

cc:    Albert Adam Breud, II
      *Attorney for Plaintiff*
      356 Veteran Memorial Highway, Suite 3
      Commack, NY 11725
      (By Facsimile: 631-543-2888)