David H. Bernstein (dhbernstein@debevoise.com)
Jyotin Hamid (jhamid@debevoise.com)
Jill van Berg (jvanberg@debevoise.com)
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
(212) 909-6696

*Attorneys for Yves Saint Laurent America, Inc.,*
*Yves Saint Laurent America Holding, Inc.,*
*and Yves Saint Laurent S.A.S.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| Christian Louboutin S.A., Christian Louboutin, L.L.C. and Christian Louboutin | : | |
| | : | |
| Plaintiffs/Counterclaim-Defendants, | : | |
| vs. | : | Civil Action Number 11-cv-2381 (VM) |
| | : | ECF Case |
| Yves Saint Laurent America, Inc., Yves Saint Laurent America Holding, Inc., and Yves Saint Laurent S.A.S., et al. | : | |
| | : | |
| Defendants/Counterclaim-Plaintiffs. | : | |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### DEFENDANTS/COUNTERCLAIM-PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS

Defendants/Counterclaim-Plaintiffs Yves Saint Laurent America, Inc., Yves Saint Laurent America Holding, Inc. and Yves Saint Laurent S.A.S. (collectively, "YSL") respectfully submit this memorandum of law in opposition to the motion of Plaintiffs/Counterclaim-Defendants Christian Louboutin S.A., Christian Louboutin L.L.C. and Christian Louboutin (collectively, "Louboutin") to dismiss YSL's

23457186v1

counterclaim seeking cancellation of Louboutin's contested trademark registrations on the basis of fraud.

Pursuant to Fed. R. Civ. P. 15(a)(1)(B), YSL is filing, simultaneously with this Opposition, an amended counterclaim. As explained below, Louboutin's motion is without merit but is, in any event, rendered moot by YSL's amended pleading.

**Background**

On May 20, 2011, YSL filed its answer and counterclaims to Louboutin's complaint. YSL's counterclaims sought, among other things, cancellation on various grounds, including fraud, of Louboutin's trademark registrations with the U.S. Patent & Trademark Office ("USPTO") for a purported trademark consisting of a laquered red sole on women's footwear. [Docket No. 8, Initial Counterclaims] In support of the counterclaim for cancellation on the basis of fraud, YSL alleged that Mr. Louboutin submitted a false statement to the USPTO to the effect that Louboutin's use of a red outsole was "substantially exclusive" since 1992. *Id.* at ¶¶ 4, 28, 41. YSL alleged that such statement was demonstrably false when made because both YSL and numerous other designers had made and sold dozens of models of footwear with red outsoles. *Id.* at ¶¶ 21-22, 25, 28. YSL further alleged that Mr. Louboutin, as an industry leader who has devoted his entire professional life to women's footwear, either "knew or should have known" about some or all of the dozens of footwear models that rendered his sworn statement false. *Id.* at ¶ 28.

## Louboutin's Motion to Dismiss

On June 10, 2011, Louboutin filed a motion, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss YSL's counterclaim for cancellation on the basis of fraud. [Docket Nos. 10, 11] The crux of Louboutin's argument is that, under the Federal Circuit decision in *In re Bose Corp.*, a claim for cancellation of a trademark registration on the basis of fraud requires proof that the registrant "knowingly" made a material, false representation to the USPTO. 580 F.3d 1240, 1245 (Fed. Cir. 2009). Louboutin argues, therefore, that an allegation that Mr. Louboutin "knew or should have known" that his representations to the USPTO were false is insufficient to state a claim.

Louboutin's motion is flawed because it confuses a plaintiff's ultimate burden of proof at trial with the pleading standard necessary to state a claim. In *Bose*, the Federal Circuit held that *to prevail at trial* a plaintiff seeking cancellation of a trademark registration on the basis of fraud must prove that the false statement was made "knowingly." 580 F.3d at 1245. The court noted that because direct evidence of fraudulent intent is rarely available, such intent may be inferred from indirect and circumstantial evidence. *Id.* The court in *Bose* did not purport to address pleading standards at all.

On a motion to dismiss, the relevant question is whether the pleading contains factual allegations which, taken as true, raise a right to relief above the speculative level. *See Hinds County, Miss. v. Wachovia Bank, N.A.*, No. 08 Civ. 2516 (VM), 2011 WL 1602019, at *4 (S.D.N.Y. Apr. 29, 2011) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In this case, YSL's initial counterclaims alleged that Mr. Louboutin

"knew" **or** "should have known."  If the former is proven, YSL will prevail on its counterclaim, even under the *Bose* standard relied upon by Louboutin.  Moreover, YSL's initial counterclaims included specific factual allegations that would support an inference that Mr. Louboutin "knew" that his sworn statements were false.  For example, the allegation that YSL and dozens of third parties have designed, produced, distributed, marketed, sold or used women's footwear with red outsoles for years could support an inference that Mr. Louboutin, who is alleged to have devoted his entire professional life to women's footwear, knew that his representations to the USPTO were false.  Initial Counterclaims at ¶¶ 21-22, 25, 28.  The allegations were therefore sufficient to state a claim.

## Amended Counterclaims

But in any event, based on further investigation and facts learned so far in discovery, YSL can allege, even more directly, that Mr. Louboutin in fact knew that his representations to the USPTO were false.  Because Louboutin's motion was made pursuant to Rule 12(b)(6), *see* Docket No. 10, YSL may amend its pleading as of right pursuant to Rule 15(a)(1)(B).  YSL is filing simultaneously with this Opposition an amended counterclaim.  The amended counterclaim alleges that Mr. Louboutin knew that his representation to the USPTO – to the effect that Louboutin's use of a red outsole was "substantially exclusive" since 1992 – was false:

> Mr. Louboutin knew his statement was false at the time he made it in 2007.  Just three years earlier, in 2004, Mr. Louboutin personally attended a YSL runway show at which YSL unveiled to the fashion world and the media

> YSL's Taï Taï and Lotus models, both of which included several individual styles all featuring bright red outsoles. In December 2005, only 15 months before his sworn statement to the USPTO, Mr. Louboutin contributed to a special fashion feature in *Vogue* magazine inspired by *The Wizard of Oz* by designing red high heel shoes reminiscent of Dorothy's ruby-red slippers. But Mr. Louboutin was not the only fashion designer to contribute red-soled shoes inspired by the movie to that issue of *Vogue*. On several other occasions, red-soled shoes made by other fashion designers have been featured in the very same issues of fashion publications with Louboutin shoes with red outsoles. Based on his personal attendance at a YSL runway show in which several styles of YSL shoes with red outsoles were launched and his personal participation in a fashion portfolio in *Vogue* magazine in which third-party red-soled shoes were also featured, Mr. Louboutin knew that he was not the "substantially exclusive" user of red outsoles on women's footwear at the time he made that false assertion to the USPTO. Moreover, as an industry leader who has devoted his entire professional life to women's footwear, Mr. Louboutin no doubt was exposed to some or all of the dozens of other footwear models with red outsoles that rendered his sworn statement false (including through issues of fashion magazines that featured both his shoes and shoes with red outsoles by other designers).

Amended Counterclaim at ¶ 32. If proven at trial, these allegations would support cancellation on the basis of fraud, even under the *Bose* standard relied upon by Louboutin. Accordingly, the amended pleading renders moot Louboutin's motion to dismiss.

**Conclusion**

For the foregoing reasons, YSL respectfully requests that this Court deny Louboutin's motion to dismiss.

Dated: New York, New York
June 27, 2011

Respectfully submitted,

___/s/ [David H. Bernstein]_____
David H. Bernstein (dhbernstein@debevoise.com)
Jyotin Hamid (jhamid@debevoise.com)
Jill van Berg (jvanberg@debevoise.com)
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York  10022
(212) 909-6696

*Attorneys for Yves Saint Laurent America, Inc.,
Yves Saint Laurent America Holding, Inc.,
and Yves Saint Laurent S.A.S.*